**Howard BAILEY, Petitioner,**

v.

**Jim ROSE, etc., Respondent.**

**No. Civ-2-74-16.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 8, 1974.

David M. Pack, Atty. Gen., State of Tennessee, Nashville, Tenn., for respondent.

MEMORANDUM OPINION AND
CERTIFICATE

NEESE, District Judge.

This is a *pro se* application by the petitioner Mr. Bailey for the federal writ of habeas corpus. 28 U.S.C. § 2241(c). He claims that he is in the custody of the respondent pursuant to the judgment of the Criminal Court of Sullivan County, Tennessee in violation of the con-

stitution, Fourteenth Amendment, *idem*; 28 U.S.C. § 2254(a), in that he pleaded guilty to involuntary manslaughter and was convicted of and sentenced for murder in the second degree in State of Tennessee v. Howard Bailey on July 9, 1970. He claims he has exhausted his state remedies. 28 U.S.C. § 2254(b), (c). It appearing from such application that the applicant is not entitled to the federal writ, 28 U.S.C. § 2243, he hereby is denied all relief.

The applicant's appellate briefs in the state courts, exhibited with his application herein, reflect that he was indicted for murder in the first degree; that, when his case was called for trial, and the trial judge inquired concerning the defendant's plea, his counsel stated: " * * * Your honor, the defendant pleads not guilty to the charge of murder in the first degree. However, the defendant pleads guilty to involuntary manslaughter"; following which the Court said: "All right. Swear the jury." Thereafter, trial was had on the applicant's plea of not guilty to the indictment charging him with murder in the first degree and he was convicted therein of the lesser offense of murder in the second degree included in the offense charged of murder in the first degree and sentenced for murder in the second degree.

The acceptance of the applicant's plea of guilty to an offense included in the offense charged in the indictment returned against him rested in the discretion of the trial judge. 21 Am.Jur.2d 483, Criminal Law, § 494. Had the Court accepted his plea of guilty, the applicant would have been placed in jeopardy. Reyes v. Kelly (Fla.1969), 224 So.2d 303, certiorari denied (1970), 397 U.S. 958, 90 S.Ct. 961, 25 L.Ed.2d 142. Contrary to the applicant's contention, it does not appear from the record that the trial judge accepted the applicant's plea of guilty to a lesser offense included in the offense charged in the indictment; rather, that he put the applicant to trial before a jury for the offense charged in the indictment.

Should the applicant give timely notice of an appeal herefrom, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause, which, as only an issue of law is involved, will issue. Rule 22(b), Federal Rules of Appellate Procedure.