538 P.2d 796

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Lawrence BOJORQUEZ, Defendant-Appellant.**

**No. 1580.**

Court of Appeals of New Mexico.

June 11, 1975.

Rehearing Denied June 23, 1975.

Harry N. Relkin, Louis G. Stewart, Jr., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant brings this appeal from a conviction by jury and sentence for aggravated battery upon a peace officer contrary to § 40A–22–24, N.M.S.A.1953 (2nd Repl. Vol. 6). We affirm.

■ Defendant's first point of error is that, "THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT A MISTRIAL, BECAUSE OF THE FAILURE OF THE JUROR, MRS. TONY A. SANCHEZ, TO REVEAL RELEVANT INFORMATION ON *VOIR DIRE* EXAMINATION." Relevant under this point is that at the beginning of the second day of trial, Mrs. Sanchez went to see the trial judge concerning some questions asked on *voir dire*. At the time the jury was being empanelled she had made no response to these questions; but after having reflected thereon and after having heard the evidence during the first day of trial she decided to ask the trial judge whether she should have. The questions sought to learn whether any of the jurors felt that they would be unable to render a fair and impartial verdict in light of the fact that violence was involved in the case. Mrs. Sanchez told the trial judge that there had been a shooting incident involving her sister and her brother-in-law; and she wanted to know whether she should have said something about it. After Mrs. Sanchez's disclosure, the trial judge questioned her at length in the presence of defense counsel and the district attorney. He asked her whether the incident would influence her decision in defendant's case. Mrs. Sanchez responded that she would not be influenced and that she could decide fairly and impartially.

Defense counsel asked for a mistrial on the ground that Mrs. Sanchez's failure to respond to the questions on *voir dire* deprived the defendant of his right to exercise a "peremptory challenge or a challenge for cause." At that point the trial judge offered to excuse Mrs. Sanchez, should the defendant request it, and to replace her with an alternate juror. Counsel for the defendant stated that he did not believe that the trial court's proposal would remedy the situation, and that he would stand on his motion for a mistrial. The motion was denied.

Rule 39(e), R.CRIM.P., § 41–23–39(e), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973), provides in pertinent part:

> "Alternate jurors, in the order in which they are called, shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties. Alternate jurors shall . . . be subject to . . . challenges for cause. . . . The state and the defense are each entitled to one [1] peremptory challenge in addition to those otherwise allowed by this rule if one [1] or two [2] alternate jurors are to be impannelled, two [2] peremptory challenges if three [3] or four [4] alternate jurors are to be impanelled, and three [3] peremptory challenges if five [5] or six [6] alternate jurors are to be impannelled . . . ."

■ Defendant's argument is that he was deprived of his right to excuse Mrs. Sanchez for cause or by invocation of peremptory challenge as a consequence of her failure to answer or comment in response to his questions during *voir dire*. We believe this argument is misdirected. The remedy prescribed by the rule for situations in which one juror becomes unable or disqualified for service is not a mistrial, but, rather, a substitution of an alternate juror. *Beal v. Southern Union Gas Co.*, 66 N.M. 424, 349 P.2d 337 (1960). Since acceptance of the trial judge's offer would have had the same result as exercise of a peremptory or a for cause challenge during *voir dire*, defendant waived his right to

challenge Mrs. Sanchez here. See *Smith v. New York Life Ins. Co.*, 26 N.M. 408, 193 P. 67 (1920). Furthermore, the prerequisite for dismissing an empanelled juror and substitution of an alternate juror therefor, that is, a showing of inability to perform the duties of a juror and consequent prejudice to the defendant arising therefrom, was not established. Compare *State v. Rivera*, 85 N.M. 723, 516 P.2d 694 (Ct. App.1973).

Defendant's second point was that, "THE TRIAL COURT ERRED IN EXCLUDING THE TESTIMONY OF WITNESSES THE DEFENDANT DESIRED TO CALL AND AS A RESULT THEREOF DEFENDANT WAS DEPRIVED OF THE RIGHT OF COMPULSORY PROCESS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION [,] AND ARTICLE II, SECTION 14, NEW MEXICO CONSTITUTION."

■ The answer to this point is factual. Defendant's claim of error is not substantiated by the record. On February 20, 1974, the trial court issued an order providing, *inter alia,* that, ". . . Defendant be and he hereby is required to comply with the discovery provisions of Rule 28 . . . not less than ten (10) days before the trial or 2/25/74." Rule 28(b), R. CRIM.P., § 41–23–28(b), N.M.S.A.1953 (2d Repl. Vol. 6, Supp. 1973), provides: "Upon motion of the state, the court may order the defendant to furnish the state a list of the names and addresses of the witnesses he intends to call at the trial." On the afternoon of Friday, March 29, 1974, defendant filed a list of six witnesses he intended to call. The district attorney did not receive a copy of the list until April 2, 1974, the day before trial. On the day of trial, the state objected to calling these witnesses based on defendant's failure to comply with the court's order dated February 20, 1974. The trial court granted the state's motion.

Later on the same day, defendant stated to the trial court that he had the telephone numbers for the six witnesses he wanted to call. He said that each of the proposed witnesses was pending his summons and that the district attorney could talk with them at any time. At that point the trial court stated that it would reserve reconsideration of the matter until the district attorney had spoken to the witnesses. Without explanation, however, defendant's presentation did not include calling any of these witnesses to the stand. Thus, we conclude that he voluntarily abandoned any further effort to have these witnesses appear and that he can not now be heard to complain of error in their exclusion.

Defendant's third point is that, "THE STATUTE UPON WHICH THE DEFENDANT WAS CHARGED AND TRIED WAS VAGUE AND INDEFINITE AND VIOLATED DEFENDANT'S RIGHT AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION [,] AND ARTICLE II, SECTION 18 [OF THE] NEW MEXICO CONSTITUTION."

■ We would first point out that although the indictment charged violation of § 40A–22–22, N.M.S.A.1953 (2d Repl. Vol. 6), defendant was convicted of violating § 40A–22–24, *supra,* which is a lesser, included offense of the crime charged in the indictment. The gist of defendant's argument is that § 40A–22–22, *supra,* "is vague and indefinite, [sic] because it does not sufficiently describe the elements of that particular offense so that a defendant would be placed on notice as to the difference in conduct required in 40–A–22–24 and 40A–22–24." Defendant does not allege that § 40A–22–24, *supra,* is vague and indefinite. To the contrary, in his brief defendant argues that "§ 40A–22–24, is particularly explicit in setting forth the elements required to prove a violation of that section." Not having been convicted under § 40A–22–22, *supra,* defendant's

rights thereunder are not at issue, and he has no standing to challenge its constitutionality. *State v. Sharpe,* 81 N.M. 637, 471 P.2d 671 (Ct.App.1970); *State v. Hines,* 78 N.M. 471, 432 P.2d 827 (1967).

The judgment and sentence entered below are accordingly affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.