556 P.2d 60
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Pat Lee JIMINEZ, Defendant-Appellant.**

**No. 2514.**

Court of Appeals of New Mexico.

Sept. 28, 1976.

Rehearing Denied Oct. 8, 1976.

Certiorari Denied Nov. 12, 1976.

Theodore E. Lauer, Lauer & Lauer, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Don Montoya, Anthony Tupler, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Defendant was charged with four counts: Count 1, first degree CSP (criminal sexual penetration), § 40A–9–21, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975); Count 2, aggravated assault, § 40A–3–2, N.M.S.A.1953 (2d Repl. Vol. 6); Count 3, aggravated battery, § 40A–3–5, N.M.S.A. 1953 (2d Repl. Vol. 6); and Count 4, assault with intent to commit a violent felony, § 40A–3–3, N.M.S.A.1953 (2d Repl. Vol. 6).

Defendant was convicted of second degree CSP on the basis that he used force or coercion resulting in personal injury to the victim. See § 40A–9–20(C), N.M.S.A. 1953 (2d Repl. Vol. 6, Supp.1975). Second degree CSP was submitted to the jury as a lesser included offense under Count 1. Defendant was also convicted of Count 3.

We discuss: (1) issues relating to first degree CSP; (2) issues relating to assault to commit a violent felony; (3) refusal of the trial court to accept a guilty plea; (4) instructions on second degree CSP; (5) refusal to instruct on third degree CSP; and (6) alleged unconstitutional vagueness of the CSP statute.

### Issues Relating to First Degree CSP

■ Defendant complains of the failure of the trial court to dismiss Count 1 of the indictment. He asserts the trial court's instruction number one is erroneous. These contentions are directed to first degree CSP. Defendant was not convicted of first degree CSP. These contentions, in effect, seek an advisory opinion on matters not pertinent to defendant's conviction. They will not be reviewed. *State v. Bojorquez*, 88 N.M. 154, 538 P.2d 796 (Ct.App. 1975); *State v. Herrod*, 84 N.M. 418, 504 P.2d 26 (Ct.App.1972); *State v. Ramirez*, 84 N.M. 166, 500 P.2d 451 (Ct.App.1972).

### Issue Relating to Assault With Intent to Commit a Violent Felony

■ This assault charge was Count 4 of the indictment. Defendant complains of the trial court's refusal to dismiss this count. This count was not submitted to the jury; briefs of the parties inform us that this count was in fact dismissed. There is nothing to review under this issue. *State v. Herrod*, supra; *State v. Ramirez*, supra.

### Refusal to Accept a Guilty Plea

Defendant asserts in his docketing statement that immediately prior to trial, and again after the close of the State's case, he sought to plead guilty to Counts 2 and 4. He asserts a record was made that the proffered plea was intelligent and voluntary. Defendant states that when asked whether he had in fact committed the offenses charged in Counts 2 and 4, he answered that he did not remember. The State does not challenge the factual correctness of defendant's assertions. Defendant claims the trial court erred in refusing to accept the proffered plea. The practical consequence of this contention to defendant is that an acceptance of the plea might have provided a basis for a double jeopardy claim as to Counts 1 and

3. See *State v. Medina,* 87 N.M. 394, 534 P.2d 486 (Ct.App.1975).

■ The fact that defendant "did not remember" does not enter into our consideration of defendant's claim. See *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Nor is any constitutional right involved. *Alford,* supra, note 11 states: "Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court . . . although the States may by statute or otherwise confer such a right. . . ."

Defendant's contention is "that he has a right to plead guilty *to the charge against him,* provided that it is shown that the plea is voluntarily and intelligently made, and that there is a factual basis for the plea. As a necessary corollary, where defendant is charged with several counts . . . he has a similar right to plead guilty to one or more of those counts." Defendant states: ". . . the discretion which the trial court possesses to reject a proffered plea of guilty *to the charge* is limited to that discretion exercisable in ascertaining voluntariness, intelligence, and factual basis." Defendant asserts that under the facts of this case, the trial court was required to accept the plea. We disagree.

Rule of Criminal Procedure 21 refers to guilty pleas. Paragraph (e) of the rule requires certain advice to a defendant before a trial court accepts a plea of guilty. Paragraph (g) of the rule outlines the plea bargaining procedure. Defendant notes that the rule does not contain express language authorizing a trial court to refuse to accept a plea of guilty under the circumstances of this case. We agree. Paragraph (g)(4) indicates the trial court may reject a plea bargain, but no plea bargain is involved in this case.

■ The fact that Rule of Criminal Procedure 21 fails to specifically authorize a trial court to reject a guilty plea is not the issue. The issue is whether a trial court is required to accept a guilty plea. *Alford,* note 11, supra. Rule 21 does not require the trial court to accept a guilty plea; the rule simply is not applicable to the circumstances of this case. No claim is made that any statute requires the trial court to accept a guilty plea.

■ There being neither court rule nor statute requiring the trial court to accept a guilty plea, defendant's contention is governed by *State v. Leyba,* 80 N.M. 190, 453 P.2d 211 (Ct.App.1969). *Leyba* holds: "The trial court has discretionary power to refuse to accept a guilty plea." See *Bailey v. Rose,* 378 F.Supp. 227 (E.D.Tenn.1974); Compare, *Stafford v. State,* 82 N.M. 365, 482 P.2d 68 (Ct.App.1971).

■ The trial court did not err in refusing to accept the proffered guilty plea.

*Instruction on Second Degree CSP*

Defendant attacks the instruction defining second degree CSP on two grounds.

First, defendant asserts that an element of the crime is the absence of consent on the part of the victim. Defendant claims this is an inherently necessary element of the offense. Because the instruction did not require the State to prove that the sexual intercourse in this case was without the victim's consent, defendant asserts the instruction was defective in failing to state a material element of the crime. See *State v. Walsh,* 81 N.M. 65, 463 P.2d 41 (Ct. App.1969).

■ Absence of consent was an element of the rape statute which has been repealed. See § 40A–9–2, N.M.S.A.1953 (2d Repl. Vol. 6) and Laws 1975, ch. 109, § 8. Section 40A–9–21, supra, defines CSP. Absence of consent is not an element of the crime as defined by the Legislature. Compare, *State v. Borunda,* 83 N.M. 563,

494 P.2d 976 (Ct.App.1972). The power to define crimes is a legislative function. *State v. Grijalva,* 85 N.M. 127, 509 P.2d 894 (Ct.App.1973).

■ ˙The trial court set forth the elements of the crime of second degree CSP in the language of the statute. This was sufficient. There was no error in failing to instruct on absence of the victim's consent. *State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973); see *State v. Puga,* 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973).

Second, defendant claims that "personal injury" was inadequately defined. The trial court gave the statutory definition of personal injury appearing at § 40A–9–20(C), supra. It also gave the statutory definition of great bodily harm in the instruction on first degree CSP. See § 40A–1–13(A), N.M.S.A.1953 (2d Repl. Vol. 6). Even with these definitions, defendant asserts that the definition of "personal injury" was vague and uncertain and did not provide the jury an adequate guideline.

■ If defendant desired that "personal injury" be further defined, he should have submitted a requested instruction to that effect. He did not do so. He cannot complain of the lack of additional definition which he did not request. The lack of additional definition of personal injury was not error. *State v. Gonzales,* 86 N.M. 556, 525 P.2d 916 (Ct.App.1974); *State v. Bell,* 84 N.M. 133, 500 P.2d 418 (Ct.App.1972).

*Refusal to Instruct on Third Degree CSP*

The trial court refused defendant's request to instruct on third degree CSP as a lesser included offense. The difference between second and third degree CSP in this case was the presence or absence of personal injury resulting from the force or coercion used by defendant. Compare, Paragraph B(2) with Paragraph C of § 40A–9–21, supra.

■ A defendant is entitled to an instruction on a lesser included offense if there is some evidence tending to esablish the lesser offense. *State v. Wingate,* 87 N.M. 397, 534 P.2d 776 (Ct.App.1975). There is no evidence tending to establish that the crime was committed by force or coercion without resultant personal injury; the only evidence is that defendant used force which resulted in personal injury. The evidence is that defendant beat the victim with his fists, twisted her breasts and pulled her hair immediately prior to sexual intercourse. We do not consider defendant's beating of the victim with a blunt instrument subsequent to intercourse because this beating goes to the aggravated battery conviction. There was no evidence supporting an instruction on third degree CSP. See *State v. Riggsbee,* 85 N.M. 668, 515 P.2d 964 (1973). There was no error in refusing the requested instruction.

*CSP Statute—Void for Vagueness*

Defendant moved that the indictment charging him with first degree CSP should be dismissed on the basis that § 40A–9–21, supra, and certain attendant definitions in § 40A–9–20, supra, and § 40A–1–13(A), supra, violated due process because void for vagueness. He asserts that denial of this motion was error. We consider only those contentions which relate to his conviction for second degree CSP.

The pertinent portion of § 40A–9–21, supra, reads:

"Criminal sexual penetration is the unlawful and intentional causing of a person, other than one's spouse, to engage in sexual intercourse, cunnilingus, fellatio or anal intercourse, or the causing of penetration, to any extent and with any object, of the genital or anal openings of another, whether or not there is any emission.

"A. Criminal sexual penetration in the first degree consists of all criminal sexual penetration perpetrated:

\* \* \* \* \* \*

"(2) by the use of force or coercion which results in great bodily harm or great mental anguish to the victim.

\* \* \* \* \* \*

"B. Criminal sexual penetration in the second degree consists of all criminal sexual penetration perpetrated:

\* \* \* \* \* \*

"(2) by the use of force or coercion which results in personal injury to the victim;

\* \* \* \* \* \*

"C. Criminal sexual penetration in the third degree consists of all criminal sexual penetration perpetrated through the use of force or coercion."

Section 40A–9–20(B) and (C), supra, read:

"B. 'great mental anguish' means psychological or emotional damage that requires psychiatric or psychological treatment or care, either on an in-patient or out-patient basis, and is characterized by extreme behavorial change or sever physical symptoms;

"C. 'personal injury' means bodily injury to a lesser degree than great bodily harm and includes, but is not limited to, disfigurement, mental anguish, chronic or recurrent pain, pregnancy or disease or injury to a sexual or reproductive organ;"

Section 40A–1–13(A), supra, reads:

"A. 'Great bodily harm' means an injury to the person which creates a high probability of death; or which causes serious disfigurement; or which results in permanent or protracted loss or impairment of the function of any member or organ of the body;"

▮▮▮ Defendant recognizes that determining the degree of the crime by the amount of the harm done to the victim does not make the statute unconstitutionally vague. *State v. Chavez,* 82 N.M. 569, 484 P.2d 1279 (Ct.App.1971). His contention is that the distinction between the degrees of CSP turn on words that are so vague that there are no guidelines for the jury; that men of common intelligence must guess at the meaning. *State v. Mar-*

*chiondo,* 85 N.M. 627, 515 P.2d 146 (Ct. App.1973).

▮▮▮ Defendant claims that the distinctions between "great bodily harm" and "bodily injury to a lesser degree than great bodily harm" are vague. He asserts that the distinctions between "great mental anguish" and "mental anguish" are also vague. These distinctions go to the difference between first and second degree CSP. He was convicted of second degree. Problems in sorting out differences between first and second degree are not involved in defendant's case. Accordingly, we do not consider them. *State v. Bojorquez,* supra.

▮▮▮ Defendant contends that the definition of personal injury is vague because it includes the term "mental anguish". He asks whether mental anguish means feelings of shame or of having been injured. "Anguish" is "distress". Webster's Third New International Dictionary (1966). Mental anguish is distress of the mind. If such results from the use of force or coercion it is "personal injury" under the statute.

▮▮▮ Third degree CSP occurs when the crime is perpetrated by the use of force or coercion; third degree does not involve personal injury. Defendant questions whether third degree CSP can ever occur, implying that personal injury in the form of mental anguish would necessarily result. We disagree. CSP could be committed by the use of force or coercion without the victim suffering mental anguish as a result of the force or coercion. This is also true as to other items included within the definition of personal injury. Whether personal injury results when CSP is committed with force or coercion depends on the facts; the distinction between second and third degree CSP based on personal injury to the victim is not void for vagueness as a matter of law.

▮▮▮ Defendant claims that the language " 'perpetrated *by the use of* force or coercion,' " is vague. He states that force

**658**

is "an essential element of any penetration, even a lawful one." He asserts that "it does not appear that the force or coercion must necessarily be causal or instrumental in producing the result." This argument fails to consider all of the language of the statute. *State v. Najera*, 89 N.M. ——, 554 P.2d 983 (Ct.App. decided September 14, 1976).

 The crime is defined in terms of a result that defendant causes. If a defendant causes such a result by the use of force or coercion, force or coercion was the method which caused the result (the crime).

Defendant's vagueness arguments are without merit.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.