617 P.2d 1316
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Henry RODRIQUEZ,
Defendant–Appellant.**

**No. 12798.**

Supreme Court of New Mexico.

Oct. 23, 1980.

Larry R. Hill, Alamogordo, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

OPINION

SOSA, Chief Justice.

Defendant was convicted of first–degree murder. On appeal he claims he was denied his right to a fair trial by an impartial jury because one juror failed to disclose that he was the neighbor of a close relative of one of defendant's victims.

During voir dire the trial judge asked if any of the jurors knew the victims or their families. One juror answered:

Some of the people happen to be neighbors of ours.

The Court: The Bustamantes?

The Juror: Well, some of his relations. I don't know just exactly how close they were but I just happened to hear.

The Court: Do you know them?

The Juror: No, I don't.

The juror also stated that he did not think his verdict would be influenced by this knowledge. The defense attorney did not move to have the juror stricken for cause.

At the close of the State's case, the trial judge suggested that a possible solution would be to replace the juror with the alternate juror. The defense attorney stated

"Yes, that is what I was going to suggest to the Court is to wait until after the presentation of the evidence .... " The court answered "All right. If that is what counsel wishes to do, we will reserve any objection on it until later .... "

The defendant now argues that the juror had a duty to disclose any information that might bear on his ability to make a fair and impartial decision. He claims that the juror's vague answers fell short of this requirement.

▇▇▇ We agree that a juror has a duty to make full and truthful answers to questions on voir dire. *Mares v. State*, 83 N.M. 225, 490 P.2d 667 (1971). There is no showing in this case that the juror knew more than he disclosed. There is no showing that the juror failed to properly perform his duties to the prejudice of the defendant. *State v. Bojorquez*, 88 N.M. 154, 538 P.2d 796 (Ct.App.1975), *cert. denied*, 88 N.M. 318, 540 P.2d 248 (1975). Further, the defense attorney never renewed his objection at the close of the case, as the trial court indicated he should do. Under these circumstances, we do not believe there was any abuse of discretion or error.

The trial court is affirmed.

IT IS SO ORDERED.

EASLEY, Senior Justice, and FEDERICI, J., concur.