**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2000**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT J. JENKINS,

  Plaintiff-Appellant,

  v.

DENVER COUNTY JAIL, P.O. Box-
1108, Denver, Colorado, 80239; Mr.
JOHN SIMONET, Director of
Corrections; BONNIE C. WYATT;
THE OFFICE OF THE ATTORNEY
GENERAL; and MAYOR
WELLINGTON WEBB,

  Defendants-Appellees.

No. 99-1335

District of Colorado

(D.C. No. 99-Z-908)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **BALDOCK** , and **HENRY** , Circuit Judges.

---

Robert J. Jenkins is a prisoner in the Crowley County Correctional Facility

in Olney Springs, Colorado. Mr. Jenkins filed a pro se civil rights complaint,

pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that the

defendants violated his Eighth Amendment right against cruel and unusual

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

punishment. Pursuant to 28 U.S.C. § 1915, Mr. Jenkins was granted to leave to proceed in forma pauperis . The district court found that Mr. Jenkins did not sufficiently allege an Eighth Amendment violation and failed to allege any personal participation of defendants John Simonet, Bonnie C. Wyatt, or Mayor Wellington Webb. As a result, the district court dismissed Mr. Jenkins complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Mr. Jenkins sought leave from the district court to proceed in forma pauperis on appeal, but the district court denied his request. Mr. Jenkins has renewed his motion with this court. In order to succeed on his motion, Mr. Jenkins must show both an inability to pay the filing fee and the existence of a nonfrivolous issue that states a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2); Coppedge v. United States , 369 U.S. 438, 445 (1962); Ragan v. Cox , 305 F.2d 58, 60 (10th Cir. 1962).

We have recently articulated the standards governing Eighth Amendment claims by prisoners:

> The Eighth Amendment requires prison officials to "provide humane conditions of confinement," which includes taking "reasonable measures to guarantee the safety of inmates." See Farmer v. Brennan , 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994) (internal quotation marks and citation omitted). An inmate claiming that officials failed to prevent harm first "must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. 1970. Then [he] must demonstrate that the officials had a

2

"'sufficiently culpable state of mind,'" id. (quoting Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed.2d 271 (1993)) – that is, their acts or omission arose from "deliberate indifference to inmate health or safety." Id. (internal quotation marks and citation omitted). Declining to adopt an objective definition of deliberate indifference, the Farmer Court held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." Id. at 837, 114 S. Ct. 1970. " '[D]eliberate indifference' is a stringent standard of fault." Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L. Ed.2d 626 (1997). "A showing of simple or even heightened negligence will not suffice." Id. at 407, 117 S. Ct. 1382.

Giron v. Corrections Corp. of Am., 191 F.3d 1281, 1285-86 (10th Cir. 1999). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," will not satisfy the deliberate indifference standard of the Eighth Amendment. Farmer, 511 U.S. at 838.

Construing Mr. Jenkins' pro se complaint liberally, see Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999), he alleges the following: he was assaulted by a fellow inmate during a basketball game and, as a result, suffered serious injuries to his leg; the security camera on the basketball court was broken at the time of the assault, thereby facilitating the attack and; in an unrelated incident, a Denver County Jail Sheriff Deputy "assaulted" an inmate. See Prisoner's Civil Rights Complaint, May 10, 1999, at 3. Mr. Jenkins also

3

states in his complaint that he is "under the understanding the law enforcement officers will have inmates with a violent criminal history to due there [sic] dirty work for them in return for a favor." Id. He asserts no additional facts to substantiate this broad allegation.

Accepting the contentions in his complaint as true, we agree with the district court that Mr. Jenkins has failed to state a claim for violation of his Eighth Amendment rights. Specifically, the facts set forth in the complaint fail to allege that Mr. Jenkins was incarcerated under conditions that imposed a substantial risk of serious harm or that the prison officials knew of and disregarded an excessive risk to inmate health and safety. Compare Snider v. Dylag, 188 F.3d 51, 54 (2d Cir. 1999) (reversing dismissal of § 1983 action alleging Eighth Amendment violation where plaintiff alleged that prison official declared "open season" on him, affirmatively announcing to other inmates that he would not impede their abuse of plaintiff); Lopez v. LeMaster, 172 F.3d 756 (10th Cir. 1999) (reversing grant of summary judgment to defendants on Eighth Amendment claim where plaintiff prisoner alleged that when he was attacked by cellmates there was no TV monitor, no guard in sight, and no way to call for help; there had been at least one prior attack at the jail; inspection reports noted deficiencies in staff and back up, training, and supervision of inmates; and the

4

defendant official had knowledge of these deficiencies and therefore was on notice of the danger they presented).

The "deliberate indifference" test also requires that in order for a prison official to be liable under § 1983 the official must have been personally and directly responsible for the occurrence of the alleged Eighth Amendment violation. See Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir.1996); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir.1996). We conclude, for substantially the same reasons as the district court, that Mr. Jenkins failed to allege any personal participation of Mr. Simonet, Ms. Wyatt, or Mayor Webb.

Because Mr. Jenkins has failed to state a claim on which relief may be granted, we deny his motion for leave to proceed on appeal without prepayment of costs or fees. For purposes of counting "prior occasions" under 28 U.S.C. § 1915(g), we remind Mr. Jenkins that a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding under this section [without full advance payment of the filing fee] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28

5

U.S.C. § 1915(g);  see Jennings v. Natrona Cty. Detention Center    , 175 F.3d 775,

778-79 (10th Cir. 1999).  This appeal is, therefore, DISMISSED.

Entered for the Court,


Robert H. Henry
Circuit Judge