**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT TRUJILLO; JOE
TRUJILLO,

      Plaintiffs-Appellants,

  v.

ROLDAN LARGE, personally and as
an officer of Bernalillo County
Sheriff's Department,

      Defendants-Appellees,

COUNTY OF BERNALILLO;
BERNALILLO COUNTY SHERIFF'S
DEPARTMENT; JOHN DOE,
SEVERAL, sheriff's officers,
personally and as officers of the
Bernalillo County Sheriff's
Department,

      Defendants.

No. 05-2081
(D.C. No. CIV-03-995-BB/RHS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs appeal from a judgment entered against them on a jury verdict. They brought an excessive-force claim under 42 U.S.C. § 1983, asserting that defendants, particularly Detective Large, a Bernalillo County, New Mexico sheriff's officer, violated their constitutional rights when they forced their way into plaintiffs' home. We affirm.

*Background*

In executing a search warrant, the police knocked down the door to plaintiffs' residence. During the scuffle, plaintiff Robert Trujillo sustained a scalp injury. He claimed Detective Large hit him on the head with his handgun. He further asserted that Detective Large did not announce that he had a search warrant and did not wait a reasonable time to permit plaintiffs to open the door before breaking the door open. Detective Large, on the other hand, stated that he did announce that he had a search warrant, he waited a reasonable time, and plaintiff was injured either while he tried to keep the door closed against the battering ram or when Detective Large pushed him down to get him out of the

way.  The district court denied Detective Large's motion for summary judgment

on qualified immunity grounds, and the case proceeded to trial.  The jury returned

a defense verdict.

Plaintiffs appeal the district court's decision to give a jury instruction on

qualified immunity.  They maintain that Detective Large was not entitled to a

qualified-immunity instruction at all because he violated their constitutional

rights.  Plaintiffs do not challenge the wording of the instruction.

*Discussion*

"We review legal challenges to tendered jury instructions de novo.  We

review a challenge to a district court's decision to give an instruction for abuse of

discretion."  *Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1179

(10th Cir. 2005) (citation omitted).[1]

"We review de novo a district court's ruling on qualified immunity[, which

is] an entitlement not to stand trial or face the other burdens of litigation."

*Maestas v. Lujan*, 351 F.3d 1001, 1007 (10th Cir. 2003) (citation and quotation

---

[1]     Although defendants argue that plaintiffs failed to object to the instruction
in question, the record reflects that they did register an objection with the district
court, thereby preserving the issue for appeal.  *See* Aplt. App. at 7-9.
Consequently, we do not apply the plain-error standard of review.  *See Giron v.
Corr. Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999) (reviewing for plain
error appeal of jury instructions where objection not made to trial court).

marks omitted). Even where a case goes to trial, however, the doctrine shields a defendant from damages. *Id.* at 1008.

Qualified immunity presents two inquiries: (1) whether plaintiff asserted that defendant violated a constitutional or statutory right, and if so, (2) "whether that right was clearly established such that a reasonable person in the defendant's position would have known that his conduct violated that right." *Id.* at 1007 (quotation omitted). The court is to determine the legal questions of whether the plaintiff's claim asserts a violation of a constitutional right and whether the right was clearly established at the time. *Id.* at 1008. The jury should determine the defendant's objective reasonableness where this question depends on whose version of the facts are believed. *Id.* at 1009.

Plaintiffs asserted that Detective Large "reached through the partly breached door and with the butt of his handgun hit Robert Trujillo on the head." Aplt. Br. at 6. Therefore, they maintain that under their version of the events, Detective Large was not entitled to qualified immunity because his actions were not objectively reasonable, as a matter of law. Even assuming this to be true, the jury was not required to accept plaintiffs' version.[2] According to Detective Large's account, he knocked and announced that he was a sheriff's officer with a

---

[2]     We are unable to review the evidence because plaintiffs failed to provide the portions of the record relevant to the issues raised on appeal. As appellants, this is plaintiffs' responsibility. Fed. R. App. P. 10(b); 10th Cir. R. 10.1(A)(1).

search warrant, he waited twelve to fifteen seconds, during which time he heard noises from within that he believed were people moving around inside, and he then directed officers with the battering ram to knock down the door. Aplee. Supp. App. at 49. When the door was pushed closed again after the battering ram broke it open, he assumed someone was on the other side pushing it closed, so he shoved it open with his shoulder. *Id.* at 49-50. He then encountered Robert Trujillo, who he pushed to the floor with his hands, believing Mr. Trujillo had resisted the police entry. *Id.* at 50. Detective Large stated that he did not know how Mr. Trujillo's head was injured, but that he had not intentionally struck him with his gun. *Id.* Under Detective Large's version, the jury could have found that his actions were objectively reasonable, thereby entitling him to qualified immunity.

The issue before us is whether Detective Large was entitled to a jury instruction on qualified immunity which directed the jury to decide the objective reasonableness of Detective Large's conduct. Here, as in *Maestas*, the qualified immunity analysis "hinges upon whose version of the facts are believed." *Maestas*, 351 F.3d at 1009. Consequently, the district court correctly had the jury determine the disputed material facts on the reasonableness element of the qualified immunity analysis. *See id.* at 1009-10. The court did not err in giving the challenged jury instruction.

The judgment of the district court is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge