**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANGELA DeFOOR,

      Plaintiff-Appellee,

v.

WILLIAM LOU ROTELLA,

      Defendant-Appellant.

and

THOMAS DALESSANDRI, The
Garfield County, Colorado, Sheriff,

      Defendant.

No. 99-1202

(D.C. No. 97-B-514)

(D.Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, McKAY,** and **BRISCOE**, Circuit Judges.

    Defendant William Rotella appeals the district court's denial of qualified

immunity in this 42 U.S.C. § 1983 and § 1985 action. Plaintiff Angela DeFoor

brought this action alleging violation of her Eighth Amendment rights and

---

    * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conspiracy to violate those rights.  We have jurisdiction pursuant to 28 U.S.C. § 1291,  see Mitchell v. Forsyth, 472 U.S. 511, 525 (1985), and affirm.

I.

In February and March 1995, DeFoor was an inmate at the Garfield County, Colorado, jail where Rotella and Troy Howerton were guards.  On February 5, 1995, DeFoor wrote a letter alleging that Rotella and other guards came to her cell while she was getting out of the shower and made sexually harassing statements to her.  DeFoor also complained that guards solicited sexual favors from female inmates in exchange for cigarettes.  There was a history of sexual misconduct between guards and inmates in the Garfield County jail.      See Aplt. App. at 260 (stating in August 1994 a guard was placed on leave for allegations of sexual misconduct with a prisoner);      id. at 262 (stating a guard resigned in November 1995 as a result of an allegation of fraternization with an inmate); id. at 263 (stating a guard was warned in April 1995 for passing cigarettes into cells after inmates allowed him to watch them remove their clothing).

On March 20, 1995, Howerton took DeFoor from her cell to a bathroom, where they had sexual intercourse.  DeFoor alleges Howerton raped her, but Howerton contends it was consensual.  Prior to having sex with DeFoor, Howerton told Rotella he was going to take DeFoor out of her cell and have sex

2

with her.  Howerton asked Rotella to delay the trustee from going into the kitchen area so he could take DeFoor through the kitchen.  In response, Rotella told Howerton "that he was crazy and not to do it."     Id. at 57.  Rotella claims he took no affirmative action to keep the trustee out of the kitchen or to otherwise act as a lookout.  According to Howerton, Rotella agreed to detain the trustee.

As Howerton took DeFoor down the hall from her cell, DeFoor allegedly saw "Rotella looking at us.  And he gave me a really weird look."     Id. at 170. DeFoor stated that "[i]t was his look that made me feel uncomfortable about going down the hall" – "[i]t was a grin, some sort of grin."     Id.  DeFoor claims she was shaking and crying as Howerton returned her to her cell after the sexual encounter and she saw Rotella, who "smiled at me.  I walked down the hall and at that point a lot of things went through my head, that he had known all along." Id. at 141, 142.  After Howerton returned DeFoor to her cell, Rotella allegedly "made some comment about seconds."     Id. at 147.  Rotella later went to DeFoor's cell and allegedly "had that same smile on his face."     Id. at 142.  Rotella contends he did not know that Howerton intended to rape DeFoor.

On March 14, 1997, DeFoor filed a complaint against Rotella, Howerton, and Thomas Dalessandri, the Garfield County Sheriff.     [1]  DeFoor's complaint

---

[1]  DeFoor settled her claims with Howerton.  At DeFoor's request, the district court dismissed her second and third claims against Dalessandri.  The
(continued...)

3

stated a 42 U.S.C. § 1983 claim that defendants violated her Eighth Amendment right to be free from cruel and unusual punishment. She also alleged that Howerton and Rotella conspired with each other to deny her equal protection of the laws and equal privileges and immunities of the laws, in violation of the Fifth and Fourteenth Amendments. [2]

Rotella filed a motion for summary judgment, claiming he was entitled to qualified immunity from DeFoor's claims. In ruling on the motion, the district court concluded with respect to DeFoor's § 1983 claim:

> In support of his request for qualified immunity regarding Ms. DeFoor's first claim, Mr. Rotella argues that he did not know or have reason to know that Mr. Howerton intended to rape Ms. DeFoor. Rather, he contends that he believed Mr. Howerton and Ms. DeFoor planned on having consensual sex. Construing the facts in a light most favorable to Ms. DeFoor, however, Mr. Rotella knew that Mr. Howerton intended to sexually assault Ms. DeFoor. Mr. Rotella's facial expressions, exhibited before and after the alleged rape, contradict his contention that he had no reason to suspect foul play. Further . . . Mr. Howerton's statement that he "was going to take [Ms. DeFoor] out of her cell and have sex with her" is ambiguous; sexual intercourse may be consensual or nonconsensual. Considering Ms. DeFoor's earlier complaints of sexual harassment, her attempted suicide, and the ambiguity of Mr. Howerton's statement, I conclude that Ms. DeFoor has satisfied her burden of

_____

[1](...continued)
district court denied Dalessandri's motion for summary judgment on DeFoor's first claim, but that claim is not at issue in this appeal.

[2] DeFoor's complaint also stated a § 1983 claim that defendants deprived her of her Fourteenth Amendment right to be free from restraint and punishment without due process of law. At DeFoor's request, the district court dismissed this claim against Rotella.

4

showing that Mr. Rotella violated the Eighth Amendment of the United States Constitution law by aiding and abetting, and otherwise acting with deliberate indifference towards, the alleged rape.

Id. at 282. Citing Hovater v. Robinson, 1 F.3d 1063, 1068 (10th Cir. 1993), the district court found the law was clearly established that an inmate has a constitutional right "to be secure in her bodily integrity and free from attack by prison guards," and denied Rotella's motion for summary judgment on DeFoor's Eighth Amendment claim. The district court dismissed DeFoor's conspiracy claim to the extent it relied on the Fifth and Fourteenth Amendments. The district court read DeFoor's claim as one of conspiracy under 42 U.S.C. § 1985, and concluded there was evidence of an agreement between Rotella and Howerton to violate DeFoor's constitutional rights.

## II.

Rotella appeals the district court's denial of qualified immunity. Rotella contends that even accepting DeFoor's version of the facts, he did not violate clearly established law. A denial of qualified immunity that accepts plaintiff's version of the facts and concludes that defendant violated clearly established law is immediately appealable because it presents for appellate resolution an abstract legal issue, rather than a mere factual dispute. See Johnson v. Martin, 195 F.3d 1208, 1214-15 (10th Cir. 1999). While much of Rotella's argument challenges the district court's resolution of the factual issue of whether Rotella did or did

not know Howerton's sexual encounter with DeFoor was nonconsensual, "a defendant entitled to invoke a qualified immunity defense may not appeal a district court's summary judgment order insofar as that order determines whether or not the pre-trial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones , 515 U.S. 304, 319-20 (1995). "We review the district court's denial of qualified immunity on summary judgment de novo." Romero v. Fay , 45 F.3d 1472, 1475 (10th Cir. 1995).

The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Prager v. LaFaver , 180 F.3d 1185, 1190 (10th Cir. 1999) (internal quotations omitted). DeFoor must demonstrate (1) that the law was clearly established when the alleged violation occurred, and (2) that defendant's alleged conduct violated the law. Dixon v. Richer , 922 F.2d 1456, 1460 (10th Cir. 1991). To demonstrate that the law was clearly established, DeFoor must show that the alleged unlawfulness of Rotella's conduct was apparent in light of preexisting law. Armijo v. Wagon Mound Pub. Schs. , 159 F.3d 1253, 1260 (10th Cir. 1998). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. (internal quotation omitted). DeFoor has the

6

burden to establish that "the asserted right's contours are sufficiently clear such that a reasonable official would understand that what he is doing violates that right." Id. (internal quotation omitted). If DeFoor meets her burden of showing that Rotella's conduct violated clearly established law, then Rotella "bears the burden, as a movant for summary judgment, of showing no material issues of fact remain that would defeat the claim of qualified immunity." Romero, 45 F.3d at 1475 (internal quotation omitted).

Rotella focuses on whether the law was clearly established that consensual sex between an inmate and a guard violates the Eighth Amendment. We have noted that the law regarding consensual sex between an inmate and a guard is not clearly established. Giron v. Corrections Corp. of Am. , 191 F.3d 1281, 1287 (10th Cir. 1999) (stating that "[t]he Tenth Circuit has not previously determined whether a prison guard may raise consent as an affirmative defense to a § 1983 allegation of [excessive force], nor is the law clearly established elsewhere"). However, DeFoor alleged that Howerton raped her, not that they engaged in consensual sex. The district court concluded there was sufficient evidentiary support for DeFoor's allegation that she was raped by Howerton to sustain her burden at the summary judgment stage. Rape of an inmate by a guard, and conspiring to commit such an act, would be a violation of clearly established law. See Hovater , 1 F.3d at 1068 (stating that "an inmate has a constitutional right to

7

be secure in her bodily integrity and free from attack by prison guards").

It is equally clear that Rotella's alleged conduct violated the Eighth Amendment. DeFoor must establish two conditions before Rotella will be liable for a § 1983 Eighth Amendment violation. First, she must prove that the alleged deprivation was "objectively 'sufficiently serious,'" depriving her of "the minimal civilized measure of life's necessities." Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998) (internal quotations omitted). Accepting DeFoor's versions of the events, Howerton raped her while Rotella acted as a lookout. This is a sufficiently serious deprivation to implicate the Eighth Amendment. Second, Rotella must have had "a 'sufficiently culpable state of mind,'" meaning he exhibited "'deliberate indifference' to a substantial risk of serious harm to an inmate." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Rotella acted with deliberate indifference if he "disregard[ed] a known or obvious risk that [was] very likely to result in the violation of a prisoner's constitutional rights." Hovater, 1 F.3d at 1066 (internal quotations omitted). Accepting the facts as alleged by DeFoor, Rotella knew that Howerton intended to rape DeFoor, did nothing to deter Howerton, and agreed to assist Howerton by detaining the trustee. Although the Garfield County Sheriff's Department had a policy forbidding sexual relations between guards and inmates, the record suggests this policy was essentially ignored and that sexual relations and sexual misconduct

8

between guards and inmates were commonplace at the jail. It was in this setting that Rotella agreed to act as a lookout while Howerton had sex with DeFoor. DeFoor presented sufficient evidence that Rotella exhibited deliberate indifference to a substantial risk of serious harm.

DeFoor also claims Rotella and Howerton conspired to violate her Eighth Amendment rights. To succeed on her § 1985 conspiracy claim, DeFoor "must prove both the existence of a conspiracy and the deprivation of a constitutional right." Thompson v. City of Lawrence, 58 F.3d 1511, 1517 (10th Cir. 1995). As noted above, DeFoor presented evidence of the deprivation of a constitutional right. DeFoor also must show "a meeting of the minds or agreement among" Howerton and Rotella to establish a conspiracy. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230-31 (10th Cir. 1990). When asked by Howerton to keep the trustee from going into the kitchen area while he was with DeFoor, Rotella allegedly told him "that he was crazy and not to do it," but did not refuse the request. Aplt. App. at 57 (affidavit of Rotella). According to Howerton, Rotella agreed to his request. Although Rotella ultimately did not keep the trustee from entering the kitchen area, his alleged agreement to act as a lookout may have provided Howerton with a sense of security that he could engage in sexual activity with DeFoor without the risk of detection. DeFoor presented sufficient evidence to survive summary judgment on her § 1985 claim.

9

III.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge