**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DARYL A. WITMER,

     Plaintiff - Appellant,

v.

DAVID L. POWELL; T.G. HODGE;
STEPHEN GRAGG; ERIC
FRANKLIN; RICK CAYWOOD;
DENNIS COTNER; MELINDA
GUILFOYLE; CHERYL BRYAN;
WALTER DINWIDDIE; and RON
WARD,

     Defendants - Appellees.

No. 04-7064
(D.C. No. CV-04-48-WH)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

Plaintiff-Appellant Daryl Witmer commenced this 42 U.S.C. § 1983 action

seeking money damages from several Oklahoma Department of Corrections'

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

employees, alleging that, while Witmer was incarcerated, defendants 1) denied him adequate medical care; and 2) retaliated against him because he sought medical care by pursuing fabricated prison disciplinary proceedings against him. The district court granted defendants summary judgment, holding they were entitled to qualified immunity from Witmer's claims.[1]  Witmer appeals.  For the following reasons, we affirm.

We review the district court's decision <u>de novo</u>, considering the evidence in the light most favorable to the nonmoving party.  See <u>Olsen v. Layton Hills Mall</u>, 312 F.3d 1304, 1311 (10th Cir. 2002).  Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Nonetheless,

---

[1]     Witmer specifically sued defendants only in their individual capacity. Nevertheless, the district court held that any claims for money damages Witmer was asserting against defendants in their official capacity would fail.  We agree. Witmer cannot sue the State, or its officers in their official capacity, for money damages under § 1983.  See <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 63-66, 70-71 (1989).  Moreover, with limited exceptions not relevant here, "the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."  <u>Ruiz v. McDonnell</u>, 299 F.3d 1173, 1180 (10th Cir. 2002).  Similarly, the Eleventh Amendment also protects state officials sued for money damages in their official capacity.  See <u>id.</u> at 1180-81.

[t]his court . . . review[s] summary judgment orders deciding qualified immunity questions differently from other summary judgment decisions because of the purposes behind qualified immunity. When a § 1983 defendant raises the defense of qualified immunity on summary judgment, the burden shifts to the plaintiff to show that 1) the official violated a constitutional . . . right; and 2) the constitutional . . . right was clearly established when the alleged violation occurred. First, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? If so, we . . . ask whether the right was clearly established. If the plaintiff does not satisfy either portion of the two-pronged test, the Court must grant the defendant qualified immunity. If the plaintiff indeed demonstrates that the official violated a clearly established constitutional . . . right, then the burden shifts back to the defendant, who must prove that no genuine issues of material fact exist and that the defendant is entitled to judgment as a matter of law. In the end, therefore, the defendant still bears the normal summary judgment burden of showing that no material facts remain in dispute that would defeat the qualified immunity defense.

Olsen, 312 F.3d at 1311-12 (citations, quotations, alterations omitted).

We first address Witmer's claim that defendants deprived him of adequate medical attention, contrary to the Eighth Amendment. "The right to custodial medical care is clearly established." Id. at 1315. Witmer will "state[] a cognizable Eighth Amendment claim for the denial of medical attention if he allege[s] acts of omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. (quotation omitted). Deliberate indifference

involves both an objective and a subjective component. The former is met if the deprivation is sufficiently serious -- that is, if it is one that has been diagnosed by a physician as mandating treatment or one

- 3 -

that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The latter is satisfied if an officer knows of and disregards an excessive risk to [an inmate's] health or safety. Essentially, the officer must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.

Id. (citations, quotations omitted).

In this case, Witmer alleged, and defendants do not dispute, that he suffered from a serious back condition, diagnosed by a number of doctors, that eventually required surgery. Nor is there any dispute that prison officials knew about Witmer's back condition. Nonetheless, Witmer has failed to establish that defendants, in treating Witmer's back condition and in his conditions of confinement generally, disregarded an excessive risk to his health or safety.

Although Witmer claims that defendants provided him with inadequate medical care and failed to follow his physicians' orders, defendants have provided Witmer's prison medical records, which indicate the prison's medical staff saw Witmer frequently. He also received a number of consultative exams from doctors outside the prison. And the medical staff consistently prescribed and dispensed pain medication for Witmer.

Further, although Witmer asserts that defendants forced him to work even though he was physically unable to do so, his prison records indicate that prison officials assigned him to work duties within the physical limitations imposed by

- 4 -

his prison doctors. Witmer does not present any evidence with which he can dispute defendants' evidence.

Witmer, instead, argues that he should have had surgery on his back sooner than he did, and that he could not perform the light work his doctor said he could. The fact that Witmer disagrees with his physicians' medical opinions, however, is not sufficient to support § 1983 relief. See Estelle v. Gamble, 429 U.S. 97, 107-08 (1976); see also Giron v. Corr. Corp., 191 F.3d 1281, 1286 (10th Cir. 1999).

Defendants, then, have presented evidence refuting Witmer's allegations that they were deliberately indifferent to his serious medical needs. Witmer, however, has failed to present any evidence upon which he can dispute defendants' evidence and thus create a genuine issue of material fact that would preclude summary judgment. For these reasons, then, the district court did not err in granting defendants summary judgment on Witmer's claim challenging his medical care. See McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001) (affirming summary judgment for prison doctor because inmate failed to demonstrate doctor had acted with deliberate indifference).

Next, we consider Witmer's claim that defendants retaliated against him for seeking necessary medical care by pursuing fabricated prison disciplinary

proceedings against him.[2]  "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights.  This principle applies even where the action taken in retaliation would be otherwise permissible."  Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998) (citation, quotations omitted).  Nonetheless, Witmer had the burden of proving "that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place."  Id. (quotation omitted).

Defendants presented evidence indicating that Witmer violated prison rules, warranting the disciplinary proceedings at issue here.  Further, defendants' evidence indicates these disciplinary charges did not result from Witmer's physical condition, but from his failure to comply with prison rules  which he was physically capable of performing.  Defendants, therefore, have produced evidence that they did not act to retaliate against Witmer for exercising his constitutional rights.  Again, Witmer has failed to produce any evidence that creates a genuinely disputed factual issue sufficient to preclude summary judgment.  The district court, therefore, properly granted defendants summary judgment on Witmer's retaliation claim.  See id. at 1144-45.

---

[2]  To the extent Witmer, instead, seeks damages for the disciplinary procedures used to deprive him of good time credits, his claim fails because those disciplinary proceedings have not been overturned.  See Edwards v. Balisok, 520 U.S. 641 (1997); see also Reed v. McKune, 298 F.3d 946, 953-54 (10th Cir. 2002).

Finally, for the first time in his brief before this court, Witmer asserts a number of new claims and allegations against these defendants. Those claims, however, are not properly before this court and we will not consider them. See Employers Reinsurance Corp. v. Mid-Continent Cas. Co., 358 F.3d 757, 775 (10th Cir. 2004).

For the foregoing reasons, then, we AFFIRM the district court's summary judgment entered for defendants.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge