**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN LESTER SALAZAR,

    Plaintiff-Appellant,

 v.

DR. DANIEL SEAGRAVE,
Psychiatrist; STEVE RODRIGUEZ;
VINCE MARQUEZ; RICK
MCGAHIE,

    Defendants-Appellees,

 and

WILL BELL; DAVID IVERSON,

    Defendants.

No. 05-2325
(D.C. No. CIV-00-841 JP/WDS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant John Salazar brought this § 1983 action against employees of the Bernalillo County Detention Center (BCDC defendants) and employees of the Las Vegas Medical Center (LVMC defendants) for alleged violations of his right to be free from excessive force while a pretrial detainee. The district court conducted a bifurcated trial, addressing first whether plaintiff had exhausted his administrative remedies. At the conclusion of that phase of the proceeding, the court ruled that plaintiff had failed to exhaust his remedies vis a vis the BCDC defendants. In an order dated March 24, 2005, the claims against those defendants were dismissed with prejudice.

As to the LVMC defendants, the court found that plaintiff had appropriately exhausted his remedies, and the matter proceeded as a trial to the court on the liability of those defendants. In an order dated September 27, 2005, the court granted judgment for defendants and clarified that its earlier dismissal of the BCDC defendants was without prejudice. Plaintiff appeals from this result, and we affirm.

*Appellate jurisdiction over BCDC defendants*

Jurisdictional Facts

On October 7, 2005, plaintiff filed a notice of appeal in the district court with a caption identifying "Dr. Daniel Seagrave et. al." as defendants. The notice states in its entirety: "Notice is hereby given that John L. Salazar, Plaintiff Pro Se, appellant, in the above named captioned case, her[e]by appeal[s] to the United

-2-

States Court of Appeals for the 10th Tenth Circuit from a Statement of Fact and Conclusion Of law by Judge Eginton, Stated: 'For the foregoing reason, the court hereby finds in favor of LVMC defendants Seagrave, McGahie, Marquez and Rodriquez [sic] on plaintiff's claims of excessive force.'" Opening Br. Attach. A, doc. 2. The certificate of service immediately following the copy of the Notice of appeal attached to plaintiff's opening brief indicates that it was served only on "Diane Webb, Attorney for the Estate and Defendants attorney at P. O. Box AA, Albuquerque, N.M. 87110." There is no indication who Diane Webb is or how she is related to this matter. Despite plaintiff's assertion to the contrary, there is no evidence in the record that the notice of appeal was ever served on the BCDC defendants or their counsel.

Sometime in December 2005, however, well after the time for filing a notice of appeal from the September 27th order had passed, plaintiff apparently did serve counsel for the BCDC defendants with a copy of his opening brief. Plaintiff does not dispute the BCDC defendants' assertion that this was the first they knew that a formal appeal had been filed. Upon receipt of the brief, the BCDC defendants filed a motion with this court to dismiss them from the appeal "to the extent Salazar's appeal may apply to them." That matter was referred to the panel on the merits and is now before us.

Jurisdictional Analysis

"Rule 3 of the Federal Rules of Appellate Procedure conditions federal appellate jurisdiction on the filing of a timely notice of appeal." *Smith v. Barry*, 502 U.S. 244, 245 (1992). Such notice must "designate the judgment, order or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). The "appellate court has jurisdiction to review only the judgment or part of the judgment designated in the notice of appeal." *Averitt v. Southland Motor Inn of Okla.*, 720 F.2d 1178, 1180 (10th Cir. 1983).

Courts will liberally construe the requirements of Rule 3, occasionally allowing some variance from the rule's technicalities if the document filed manages to meet the rule's requirements. *Smith*, 502 U.S. at 248. "This principle of liberal construction does not, however, excuse noncompliance with the Rule. Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review. Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal." *Smith*, 502 U.S. at 248 (citations omitted).

A notice of appeal must specifically indicate the filer's intent to obtain appellate review in order to provide sufficient notice to other parties and the courts. *Id*. "Thus, the notice afforded by a document . . . determines the document's sufficiency as a notice of appeal." *Id*. Plaintiff's pro se status does

not excuse him from complying with procedural rules. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Because of the need to assess the sufficiency of notice, courts often rely on the circumstances surrounding the putative appeal. In *Cooper v. American Automobile Insurance Co.*, 978 F.2d 602 (10th Cir. 1992), this court considered a situation similar to the one at bar. There, the plaintiff had sued three entities: a surety, the United States Department of Agriculture (USDA), and the Packers and Stockyards Administration (PSA). The surety filed a counterclaim seeking indemnification. The district court granted summary judgment to the surety, then later dismissed the USDA and the PSA on sovereign immunity grounds. As its final ruling, the court, in an order dated February 28, 1990, granted summary judgment in favor of the plaintiff on the surety's counterclaim.

The plaintiff's notice of appeal named only the February 28, 1990 judgment as the subject of the appeal. This court was therefore required to examine the scope of its jurisdiction on appeal, specifically whether the plaintiff had perfected an appeal of the earlier dismissal of the claims against the United States. Holding that he had, this court cited several factors instructive for our purposes: The plaintiff's notice of appeal named the United States as a defendant appellee; all supporting papers, including the plaintiff's docketing statement, indicated an intent to appeal the dismissal of the claims against the United States; and, importantly, all the documents were served on the United States. Under these

circumstances, this court held that the appeal encompassed the dismissal of the claims against the United States. In contrast to the facts in *Cooper*, plaintiff here did not specifically name the BCDC defendants in his notice of appeal and did not serve his notice of appeal on them.

We acknowledge the line of cases holding that naming a final judgment generally as the matter being appealed from is sufficient to include for appellate review all the earlier orders that have merged into the judgment. *See, e.g., McBride v. Citgo Petroleum Corp.,* 281 F.3d 1099, 1104 (10th Cir. 2002) (citing cases). Here, however, plaintiff specifically limited his appeal to that part of the judgment finding no liability on the part of the LVMC defendants. "If a notice of appeal is deliberately limited to part of a judgment, the appellant cannot thereafter unilaterally expand the scope of the appeal to include the matters originally omitted." 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3949.4 (3d ed. 1999); *see also Cunico v. Pueblo Sch. Dist.*, 917 F.2d 431, 444 (10th Cir. 1990) (stating that plaintiff's clear intention to appeal only a portion of district court's order limits this court's jurisdiction).[1]

---

[1] Additionally, the fact that plaintiff so specifically designated the part of the judgment he wished to appeal makes immaterial the fact that the district court's final order clarified that the BCDC defendants had been dismissed without prejudice.

We also recognize that, under some circumstances, a litigant may perfect an appeal by filing a document other than a formal notice of appeal if that document is filed within the deadline for appeal. *Smith,* 502 U.S. at 248-49. Contrary to plaintiff's situation, however, his opening brief was filed and served on the BCDC defendants well after the time allowed for appeal and thus cannot serve as a surrogate notice of appeal sufficient to invoke this court's jurisdiction over those defendants.

Plaintiff here was required to file something to indicate his intent to appeal both the ruling in favor of the BCDC defendants and the separate and later ruling in favor of the LVMC defendants. *See Nolan v. United States Dep't of Justice,* 973 F.2d 843, 846-47 (10th Cir. 1992). Because he did not do so, his attempt to bring the BCDC defendants into this appeal must fail.

*Merits as to the LVMC defendants*

As mentioned above, after a six-day bench trial of the LVMC defendants, the district court found defendants not liable on plaintiff's claims of excessive force relating to incidents occurring on September 1 and September 8, 1998. Relying on the standard set forth in *Giron v. Corrections Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999), the district court concluded that plaintiff had failed to "demonstrate that defendants maliciously and sadistically applied force to cause him harm on September 1, 1998." R. Vol. XII, doc. 409 at 13. Further, the court found that "the degree of force used under these circumstances

-7-

was necessary to control plaintiff," and that "defendants were not involved in plaintiff's handling and transport on September 8, 1998." *Id.* at 14.

On appeal, plaintiff argues that 1) the trial judge was biased against him; 2) his case against the BCDC defendants should be reopened to receive new evidence; 3) there was insufficient evidence to find for defendants, including his argument that the evidence established that one, if not all, of the defendants were present during the alleged beating on September 8; 4) he exhausted his remedies vis a vis the LVMC defendants; and 5) defendants were not entitled to qualified immunity. We will address these issues in the order presented.

"In an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo. . . . Thus, we will reverse the district court's finding only if it is without factual support in the record or if, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made." *Keys Youth Servs., Inc. v. City of Olathe*, 248 F.3d 1267, 1274 (10th Cir. 2001) (quotation marks and citation omitted).

Plaintiff points to a remark made by the district court judge informing plaintiff that his case would eventually end up in this court. Plaintiff views this remark as evidence that the judge had already decided that plaintiff would lose in the district court even before he had the opportunity to put on evidence. Plaintiff misconstrues the judge's remarks. The judge made his statement about eventual

appeal in the context of the fact that he had found plaintiff had not exhausted his remedies vis a vis the BCDC defendants. The judge was trying to explain to plaintiff that, assuming he wanted to undo that judgment, the remedy would be an appeal to the Tenth Circuit. When plaintiff asked the judge whether he should go forward with the merits of his case, the judge encouraged him to do so. The judge correctly advised plaintiff to present his whole case at that time, noting that he should not "rely on the Tenth Circuit [] to do it [for you]". R. Supp. Vol. V at 139. Far from being biased against plaintiff, the judge was extremely patient and gentle with this pro se litigant, helping him on numerous occasions to understand the proceeding.

Plaintiff repeats the argument made to the district court that he should be allowed to reopen his case to prove that he exhausted his remedies with regard to the BCDC defendants. As we have already held, however, this court has no jurisdiction over those defendants, making this argument irrelevant.

Next, plaintiff challenges the sufficiency of the evidence, arguing his interpretation of the testimony and emphasizing why he should have prevailed. As the district court correctly observed, however, this was a credibility case, and trial judges are in the best position to evaluate such matters. We find no error in the judge's conclusion that plaintiff failed to prove defendants were malicious and sadistic in their treatment of him. There is more than adequate factual support in the record to support the court's decision. *See Keys Youth Servs.,* 248 F.3d at

1275. As for plaintiff's assertion that the evidence showed one or more defendants were present during the September 8th incident, he does not point to any evidence in the record to substantiate that claim. *See SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (noting that the court will not "sift through" the record to find support for a claimant's arguments).

Plaintiff's last two arguments are irrelevant. He argues that he exhausted his remedies vis a vis the LVMC defendants. The court did not hold otherwise. He also argues that those defendants should not have been afforded qualified immunity. They weren't. Had the district court come to either of these two conclusions, plaintiff would not have been able to present his case on the merits against defendants.

The motion of the BCDC defendants to dismiss this appeal is GRANTED to the extent that they were purported appellees in this matter. The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge