**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANDREW SOLAZZO,

    Plaintiff - Appellant,

v.

KERRY BYNES, in his individual
capacity; DOUGLAS SPENCE, in his
individual capacity,

    Defendants - Appellees.

No. 15-1270
(D.C. No. 1:14-CV-00040-REB-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Andrew Solazzo, a Colorado prisoner proceeding pro se, appeals from the

district court's Fed. R. Civ. P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 civil rights

suit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

Mr. Solazzo was seriously injured by a low-hanging piece of razor wire in the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

corner of a prison recreation yard.  When he bent over and then straightened up, the wire tore his scalp.  He bled so profusely that he was given plasma at the prison clinic.  He then was taken to the hospital, where he was sedated and the gashes were stapled.  He suffered migraine headaches, dizziness, and pain for a month.

The district court concluded that Mr. Solazzo's complaint "fail[ed] to assert his claims in a manner that is clear and concise and allows the Court and each Respondent to understand and respond to each asserted claim."  R. at 28.  The court directed Mr. Solazzo to file an amended complaint, instructing him that he must explain what each defendant did and how each violated his constitutional rights.  The court then denied Mr. Solazzo's motion for the appointment of counsel.

The amended complaint named as defendants the prison's head of recreation, Kerry Bynes, and security officer Douglas Spence.  It stated that Mr. Bynes was being sued because he "was in charge[] of recreation and was injured by the same razor wire.  He[] was responsible for the safety of the yard."  *Id.* at 44.  It further stated that "John Doe of Security" was being sued because "[h]e had placed the razor wire in an unneces[s]ary location or 'place'."  *Id.*  The amended complaint alleged an Eighth Amendment violation, describing the injury and treatment and asserting that "[t]he prison; medical, recreation, warden were fully aware of this known danger.  This is deliberate indiffer[e]nce."  *Id.* at 46.

The defendants moved for dismissal under Fed. R. Civ. P. 12(b)(6), arguing that the amended complaint failed to cure the deficiencies the court had identified; failed to provide them fair notice of the grounds of Mr. Solazzo's claims; failed to

2

allege any personal participation; and failed to state a claim for an Eighth Amendment violation. Mr. Solazzo again moved for appointed counsel, and he opposed the motion to dismiss. He then moved to further amend his complaint to add other defendants, including the director of the Colorado prison system, the warden, the assistant warden, and the supervising officers who were on duty when the incidents occurred.

The magistrate judge denied the second request for counsel. He recommended that the district court dismiss the amended complaint and deny the motion to amend the complaint. Over Mr. Solazzo's objections, the district court adopted the recommendation and awarded costs to the defendants. Mr. Solazzo appeals.

## DISCUSSION

Because Mr. Solazzo proceeds pro se before this court, we construe his briefs liberally. *See Jordan v. Sosa*, 654 F.3d 1012, 1018 n.8 (10th Cir. 2011). "We do not, however, assume the role of advocate for him." *Id.*

## I. Dismissal of the Complaint

Mr. Solazzo first challenges the dismissal of his complaint, asserting that he adequately stated an Eighth Amendment claim of violation of his right to safe prison conditions.[1] We review a Rule 12(b)(6) dismissal de novo. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).

---

[1] To the extent Mr. Solazzo also suggests that he adequately stated a claim that the infusion of plasma in derogation of his religious beliefs violated the First Amendment and the Religious Land Use and Institutionalized Persons Act, we

(continued)

3

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). "A pleading that offers labels and conclusions . . . will not do[, n]or does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (brackets and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).

"The Eighth Amendment requires prison officials to provide humane conditions of confinement, which includes taking reasonable measures to guarantee the safety of inmates." *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1285 (10th Cir. 1999) (internal quotation marks omitted). To plead a plausible claim of a violation of

---

disagree. The original complaint merely noted that the infusion of plasma was against Mr. Solazzo's religious beliefs; it did not give any indication that Mr. Solazzo wished to pursue any religion-based claim. And in any event, the original complaint was superseded by the amended complaint, which stated that Mr. Solazzo was given plasma, but said nothing at all about his religion or any violation of his religious rights. The district court did not err by failing to discern a religion-based claim that was not there.

the right to humane conditions, an inmate must plead sufficient facts to show that (1) the conditions posed a substantial risk of serious harm and (2) the prison officials were deliberately indifferent to his safety. *See id.* "Deliberate indifference is a stringent standard of fault. A showing of simple or even heightened negligence will not suffice." *Id.* at 1286 (brackets, citation, and internal quotation marks omitted).

Mr. Solazzo's first amended complaint fails to plead any facts concerning defendant Spence. At most, one could infer that defendant Spence is the "John Doe of Security" who "placed the razor wire in an unnece[s]sary location or 'place'." R. at 44. This allegation fails to offer any facts to support a showing of deliberate indifference. Rather, it is the sort of "the-defendant-unlawfully-harmed-me accusation" that *Iqbal* held insufficient. 556 U.S. at 678.

As for defendant Bynes, the amended complaint alleges that he was in charge of recreation and responsible for the safety of the yard, and that there were "numerous incident[s]" with the wire, including an injury to Mr. Bynes himself. R. at 46. But the brief statements fail to include any facts regarding any of the circumstances of these incidents or to describe whether they were of comparable seriousness. And the conclusory allegation of deliberate indifference, *see id.*, is insufficient. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Because the facts concerning Mr. Bynes "do not permit the court to infer more than the mere possibility of misconduct," the

5

amended complaint fails to state an Eighth Amendment claim against Mr. Bynes. *Id.* at 679.

Mr. Solazzo sought leave to further amend his complaint, and he asks that this court remand to give him another opportunity to adequately state a claim. But his proposed amendments—to add management and supervisory officials as defendants—were futile, because he apparently wanted to sue them not for their personal involvement, but simply because they were supervisors. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Further, nothing in the record indicates that, if given a third chance, Mr. Solazzo could muster sufficient facts to show that defendants were deliberately indifferent and therefore state an Eighth Amendment claim for an unsafe environment. We therefore decline to remand on this ground.

## II. Denial of Appointed Counsel

Mr. Solazzo also appeals from the denial of his motions for appointed counsel. We review these decisions for abuse of discretion. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Mr. Solazzo states that he was not familiar with the law and had no help. He further asserts that he has certain medically-confirmed mental challenges. It is not enough, however, "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "Only in those extreme

6

cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (internal quotation marks omitted). The relevant factors include "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Id.*; *see also Rucks*, 57 F.3d at 979.

We cannot conclude that the lack of counsel resulted in fundamental unfairness. The reality is that "[e]ach year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). Mr. Solazzo's first motion conclusorily stated that he had a disability, but he did not inform the district court of the mental challenges he discusses in his appellate brief. As he acknowledges, the factual issues were not complicated. The legal issues also were relatively straightforward, and although he was gravely injured, very little in his complaints indicated that he would be able to establish that defendants were deliberately indifferent to his safety. Also, as discussed above, his proposed further amendments were futile. For these reasons, the district court did not abuse its discretion in declining the requests for counsel.

## III.    Award of Costs

Finally, Mr. Solazzo appeals from the district court's award of costs to defendants under Fed. R. Civ. P. 54(d)(1) and the court's local civil rule 54.1.[2] We review this decision for abuse of discretion. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

"Rule 54 creates a presumption that the district court will award the prevailing party costs.  Thus the established rule is that costs are generally awarded to the prevailing party." *Id.* (citation omitted).  It is not necessarily an abuse of discretion for a district court to award costs to a prevailing defendant even if a plaintiff is indigent and the case presents a close question. *See id.*  It is Mr. Solazzo's burden to show why costs should not be granted, *id.*, and he has not shown that the award was inappropriate in this case.  Moreover, it appears that any error would be harmless, given that the defendants chose not to file a bill of costs and their time to do so has expired.

## CONCLUSION

Mr. Solazzo's motion to proceed without prepayment of fees and costs is granted.  He is reminded that he must continue making partial payments until the full

---

[2] Mr. Solazzo describes the district court's decision as an award of attorney's fees, but the district court made an award of costs under Fed. R. Civ. P. 54(d)(1), which explicitly excludes attorney's fees.

amount of the filing and docketing fees have been paid. The district court's judgment is affirmed.

Entered for the Court


Jerome A. Holmes
Circuit Judge